UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA MIRIAN AGUILAR GUERRERO (A-Number: 200-894-541), | Case No. 1:26-cv-2499-TLN-JDP |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, | |
| Respondent. | |

Petitioner Ana Mirian Aguilar Guerrero was removed from the United States in 2010, unlawfully re-entered in 2021, and was re-detained by ICE in 2025. Petitioner, now proceeding with counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241, claiming that her re-detention has become prolonged such that it violates the Fifth Amendment. For the following reasons, I recommend that the petition be granted and that petitioner be immediately released.

**Background**

Petitioner initially entered the United States at an unknown time. ECF No. 8 at 13. In 2010, petitioner was removed to Mexico, although she is from El Salvador. *Id*. at 13-14. In 2021, petitioner unlawfully re-entered the United States with her two minor children. *Id*. at 14. Petitioner and her children were initially detained by immigration officers and then released on their own recognizance. *Id*.

1

In June 2025, petitioner and her minor children were re-detained at a scheduled appointment. *Id*. In July 2025, they were released. In October 2025, petitioner—this time by herself—was re-detained at a scheduled appointment. *Id*.

On October 20, 2025, ICE reinstated petitioner's prior order of removal from 2010. *Id*. at 17. While in ICE custody, petitioner expressed fear of returning to El Salvador. *Id*. at 14. In October 2025, an asylum officer found that petitioner did not have a reasonable fear of persecution. *Id*. at 19. In November 2025, an immigration judge ("IJ") found that petitioner established a reasonable possibility that she would be persecuted, and petitioner was placed in withholding proceedings. *Id*. at 25.

In March 2026, an IJ denied petitioner's withholding of removal to El Salvador. *Id*. at 28. Petitioner appealed that order to the Board of Immigration Appeals ("BIA"), where it remains pending. *Id*. at 32.

**Procedural History**

On April 2, 2026, petitioner, initially proceeding pro se, filed a petition for habeas corpus, ECF No. 1, and a motion to appoint counsel, ECF No. 2. On the following day, the court referred the matter to me. ECF No. 5. On April 20, 2026, respondent filed an answer.[1] ECF No. 8. I appointed counsel the following day, and appointed counsel appeared on April 27, 2026. *See* ECF Nos. 10 & 11. On April 30, 2026, petitioner filed a traverse. ECF No. 12.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. *See* 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.

---

[1] Respondent concurrently filed a motion to dismiss all respondents other than petitioner's immediate custodian. ECF No. 9. Because the case should be closed, I recommend that this motion be denied as moot.

2

28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner claims that her re-detention has become prolonged and thus violates the Fifth Amendment.  ECF No. 1 at 13-14.  Respondent counters that petitioner's detention remains constitutional.  ECF No. 8 at 4-5.

Where a noncitizen is subject to a reinstated removal order, detention is governed by 8 U.S.C. § 1231.  *Johnson v. Guzman Chavez*, 594 U.S. 523, 535 (2021).  This section provides:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

8 U.S.C. § 1231(a)(5).

"[R]einstatement only requires proof that (1) petitioner is an alien, (2) who was subject to a prior removal order, and (3) who illegally reentered the United States." *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 495 (9th Cir. 2007).  "These determinations are made by an immigration officer, and a noncitizen who has illegally reentered the country after having previously been removed has no right to a hearing before an immigration judge in such circumstances." *Tomczyk v. Garland*, 25 F.4th 638, 643 (9th Cir. 2022) (cleaned up).

Here, ICE determined that petitioner is a noncitizen who was subject to a prior removal order and who unlawfully re-entered the country.  ECF No. 8 at 17.  Accordingly, petitioner's detention is governed by section 1231.  Notably, the initiation of withholding proceedings neither alters the applicable detention authority, nor does it "render non-final" her "reinstated order of removal." *See Johnson*, 594 U.S. at 536, 540.

Under section 1231, a noncitizen with a final order of removal is subject to mandatory detention for ninety days.  8 U.S.C. §§ 1231(a)(1)(A), (2)(A).  This time period is known as the

3

removal period, and it typically begins on the date the order of removal becomes administratively final. *Id*. § 1231(a)(1)(B)(i). Where a noncitizen is not removed by the expiration of the removal period, they are ordinarily released on an order of supervision. *Id*. § 1231(a)(3). Some noncitizens, however, "may be detained beyond the removal period." *Id*. § 1231(a)(6).

In *Zadvydas*, the Supreme Court held that discretionary detention under section 1231 is "presumptively reasonable" for up to six months, at which point the noncitizen may provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," and the government "must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. The six-month period of presumptive reasonability includes the removal period. *Kim Ho Ma v. Ashcroft*, 257 F.3d 1095, 1102 n.5 (9th Cir. 2001).

Here, the removal period began on October 20, 2025, when petitioner's prior removal order was reinstated. *See* ECF No. 8 at 17; *Castillo v. Chestnut*, No. 1:25-cv-1296-SAB, 2026 WL 121652, at *13 (E.D. Cal. Jan. 16, 2026) (finding that "the removal period began to run on . . . the date that Petitioner's removal order was reinstated after his reentry into the United States"); *Rodriguez-Garcia v. Warden, FCI-Herlong*, No. 2:23-cv-0849-TLN-SCR, 2025 WL 3089355, at *4 (E.D. Cal. Nov. 5, 2025) ("Accordingly, the court finds that a reinstated order of removal . . . becomes final immediately upon issuance."), *report and recommendation adopted*, 2026 WL 257636 (E.D. Cal. Jan. 30, 2026). As such, the presumption that petitioner's detention is reasonable expired on April 20, 2026. *See Zadvydas*, 533 U.S. at 701; *Kim Ho Ma*, 257 F.3d at 1102 n.5.

Petitioner has provided "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *See Zadvydas*, 533 U.S. at 701. Specifically, petitioner asserts that she "may languish in detention for many more months while her appeals of the decision to deny her withholding of removal continue." ECF No. 12 at 3. Petitioner, as noted, appealed the IJ's order that denied withholding, and the appeal is pending before the BOA.[2] ECF No. 8 at 32. While her withholding proceedings are ongoing, petitioner cannot be

---

[2] If that appeal is unsuccessful, it appears that petitioner may seek limited judicial review. *See Padilla-Ramirez v. Bible*, 882 F.3d 826, 830 (9th Cir. 2017). However, even if petitioner did

removed to El Salvador. *See Johnson*, 594 U.S. at 531. Thus, there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *See Zadvydas*, 533 U.S. at 701.

Respondent fails to "respond with evidence sufficient to rebut" petitioner's showing. *See Zadvydas*, 533 U.S. at 701. Respondent asserts that "[i]f the BIA agrees with the IJ and dismisses the appeal, Petitioner can be removed to El Salvador on her existing final order of removal." ECF No. 8 at 5. Respondent, however, does not provide any reason to believe that the BIA appeal will so conclude in the reasonably foreseeable future. What is more, respondent does not show that petitioner's removal to El Salvador would be effectuated promptly if her withholding request is ultimately denied; for example, respondent gives no indication that a travel document has been issued or could be issued soon.

Moreover, while petitioner could be removed to an unidentified third country during her withholding proceedings, respondent does not provide any argument or evidence that such a removal has been contemplated, much less that there is a significant likelihood of it occurring in the reasonably foreseeable future. *See Johnson*, 594 U.S. at 531; *Zarate v. Blanche*, No. 2:26-cv-0320-GMN-MDC, 2026 WL 1005872, at *4 (D. Nev. Apr. 14, 2026) (finding that the government failed to rebut the petitioner's showing where it did not provide any argument or evidence indicating that the petitioner would be removed to a third country).

Lastly, respondent argues that petitioner's "choice to appeal the IJ's order of removal to the BIA is a major contributing factor to her continued detention." ECF No. 8 at 7. Respondent, however, provides no authority supporting its proposition that prolonged detention under section 1231 is constitutionally permissible if the petitioner has contributed to the length of detention. Indeed, none of the cases cited by respondent for this argument applied the *Zadvydas* framework. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (9th Cir. 2022) (detention under 8 U.S.C. § 1226); *Doherty v. Thornburgh*, 943 F.2d 204, 211 (2d Cir. 1991) (decided before *Zadvydas*); *Rivas Avalos v. Sessions*, No. 18-CV-02342-HSG, 2018 WL 11402701, at *2 (N.D. Cal. May 25,

_____

not seek judicial review, her appeal to the BIA alone precludes the finding that that there is a significant likelihood of her removal in the reasonably foreseeable future.

5

2018) (detention under 8 U.S.C. § 1226). To be sure, this court is not tasked with weighing the factors that have contributed to petitioner's prolonged detention. Rather, because petitioner has provided good reason to believe that there is no significant likelihood of her removal in the reasonably foreseeable future, this court's task is to determine if respondent has provided sufficient evidence to rebut that showing. *See Zadvydas*, 533 U.S. at 701. I find that respondent has not.

Accordingly, petitioner's "continued detention is no longer authorized by statute," and petitioner should be released on the conditions under which she was previously released. *See Zadvydas*, 533 U.S. at 699-700. "Moreover, when a court considers a due process claim, it may tailor relief to the specific problem that gives rise to the due process violation." *Zarate*, 2026 WL 1005872, at *4 (citing *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)). Petitioner requests injunctive relief preventing her from being removed to an unidentified third country without notice and an opportunity for her to reopen her immigration proceedings. *See* ECF No. 1 at 19-20. I find that such relief is appropriately tailored to the circumstances that give rise to the violation of her due process rights. *See Zarate*, 2026 WL 1005872, at *4.

### Conclusion

Accordingly, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2. Respondent be ordered to immediately release petitioner (A-Number: 200-894-541) from its custody.

3. Respondent be enjoined and restrained from re-detaining petitioner absent compliance with 8 C.F.R. § 241.13(i).

4. Respondent be enjoined and restrained from removing petitioner to a third country without providing petitioner a minimum of ten days to raise a fear-based claim for relief from removal to the identified country. If petitioner does assert a fear-based claim for relief from removal, petitioner may not be removed to the third country without providing her a meaningful opportunity to be heard on her fear-based claim before an immigration judge in compliance with due process.

5. Respondent's motion to dismiss, ECF No. 9, be DENIED.

6. The Clerk of Court be directed to serve California City Detention Facility with a copy of this order.

7. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within seven days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:     May 13, 2026     _____
                                                    JEREMY D. PETERSON
                                                    UNITED STATES MAGISTRATE JUDGE